Docket No.: 14-1371

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

MICHAEL T. DODSON,

                Plaintiff - Appellant

v.

EVERETT BOOBER, ET. AL.,

                Defendants - Appellees

APPEAL FROM THE U.S. DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT MARTINSBURG

BRIEF OF APPELLANT MICHAEL T. DODSON

Submitted by:

Robert W. Schulenberg, III (W.Va. Bar #3301)
Mark McMillian (W.Va. Bar #9912)
*Counsel for Appellant*
Mark McMillian - Attorney at Law, L.C.
Boulevard Tower - Suite 900
1018 Kanawha Boulevard, East
Charleston, West Virginia 25301
Telephone No.: (304) 720-9099
Fax No.: (304) 720-0290
Email: mark@markmcmillian.com

# TABLE OF CONTENTS

Table of Authorities ..................................................................................ii-iv

I.  Statement of Jurisdiction ...................................................................1

II.  Statement of the Issues ................................................................1, 2

III.  Statement of the Case...................................................................2

IV. Statement of the Facts ................................................................2, 3

V.  Summary of Arguments ................................................................3, 4

VI.  Argument ................................................................................ 4-15

# TABLE OF AUTHORITIES

## I.  STATEMENT OF JURISDICTION

<u>Codes</u>

28 U.S.C. § 1291.......................................................................................1

## II.  STATEMENT OF THE ISSUES

<u>Rules</u>

Rule 56 of the Federal Rules of Civil Procedure ......................................1

## III.  STATEMENT OF THE CASE

<u>Codes</u>

Rule 12 (b) (6) of the Federal Rules of Civil Procedure ..........................2

Rule 56 of the Federal Rules of Civil Procedure ......................................2

Title 42 U.S.C.  §1983 ..............................................................................2

## VI.  ARGUMENT

<u>United States Constitution</u>

Fifth Amendment to the United States Constitution .......................................5, 6, 15

Fourteenth Amendment to the United States Constitution ............................5, 6, 15

<u>Codes</u>

Title 42 U.S.C. §1983 ..............................................................................11

West Virginia Code §7-14-3 ...............................................................................7

West Virginia Code §7-14C-3..........................................................................6

Rules

Rule 12 (b) of the Federal Rules of Civil Procedure ...................................4

Rule 56 of the Federal Rules of Civil Procedure ...................................4, 5

Rule 56(f) of the Federal Rules of Civil Procedure ..................................13

Cases

*Anderson v. Liberty Lobby*, 477 U.S. 242, 250 n. 5 (1986)....................................13

*Bishop v. Wood*, 426 U.S. 341, 343-47 (1976) ........................................................6

*Board of Regents v. Roth*, 408 U.S. 567, 577 (1972)............................................6, 7

*Brockington v. Boykins*, 637 F. 3d 503, 505 (4th Cir. 2011)....................................4

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) .............................................13

*Cleveland Board of Education v. Loudermill*, 470 U.S. 552 (1985) ............6, 7, 8, 9

*Daniels v. Williams*, 474 U.S. 327, 331 (1986) ......................................................5

*Dodson v. Shirley*, _____ W.Va. _____, No.: 35699
Memorandum Decision September 23, 2011) ........................................................6

*Gardner v. Brodick*, 392 U.S. 273 (1968) ......................................................10, 14

*Garrity v. New Jersey*, 385 U.S. 493 (1967)...................................................10, 14

*Harrods, Ltd. v. Sixty Internet Domain Names*, 302 F. 3d 214 (4th Cir. 2006) .......13

_Hawkspere Shipping Co. v. Intamex, SA_, 330 F. 3d 225, 232 (4th Cir. 2003).....5, 12

_Jackson v. Metropolitan Edison Co._, 410 U.S. 315 (1974)....................................11

_Matthew v. Eldridge_, 424 U.S. 319 (1976) ...............................................7, 8

_Merchant v. Bauer_, 677 F. 3d 656,658 n.1 (4th Cir. 2012) ................................5, 12

_Monroe v. Pape_, 365 U.S. 167, 180 (1961) ...............................................5

_Parratt v. Taylor_, 451 U.S. 527, 535 (1981) ...........................................5

_Phillips v. General Motors Corp._, 911 F. 2d 724, 725 (4th Circuit 1990)..............13

I.  STATEMENT OF JURISDICTION

A.  District Court Jurisdiction

The underlying cause of action in the District Court was a violation of the plaintiff's civil rights under Title 42 U.S.C. §1983.  The United States District Court for the Northern District of West Virginia at Martinsburg since the conduct arose in Jefferson County, West Virginia, an area within the discrete jurisdiction of the Court.  Additionally, the case was filed in that forum since civil rights actions are required to be filed in the Court at the location in which the conduct occurred.

B.  Appellate Court Jurisdiction.

The appeal is from the final judgment of the United States District Court for the Northern District of West Virginia at Martinsburg.  The District Court dismissed the plaintiff's action on March 19, 2014.  Joint Appendix at 599.[*]  The appellant has filed a timely notice of appeal on April 17, 2014.  JA at 610.  Jurisdiction lies to hear this appeal pursuant to 28 U.S.C. §1291.

II.  STATEMENT OF THE ISSUES

Plaintiff Michael T. Dodson believes that the District Court erred in determining that the plaintiff failed to state a cause of action and that granting the defendants summary

---

[*]Hereinafter the term "JA" will refer to the Joint Appendix.

judgment pursuant to Rule 56 of the Federal Rules of Civil
Procedure was premature.  Specifically, the plaintiff alleges
the District Court erred by determining that the plaintiff
received procedural due process and a predisciplinary hearing.
JA at 599.   Finally, the plaintiff alleges that the District
Court erred by granting the defendants summary judgment prior to
the conducting of any discovery.  JA at 599.

### III.  STATEMENT OF THE CASE

Plaintiff Michael T. Dodson filed this action against the
defendants on October 18, 2013, alleging a violation of his
civil rights pursuant to Title 42 U.S.C. §1983.  The defendants
shortly thereafter filed motions to dismiss under Rule 12(b)(6)
of the Federal Rules of Civil Procedure and for summary judgment
under Rule 56 of the Federal Rules of Civil Procedure.  JA at
19, 34.  No discover occurred and the defendants' motions were
granted on March 19, 2014.  JA at 599.

### IV.  STATEMENT OF FACTS

Plaintiff Michael T. Dodson was a deputy sheriff in
Jefferson County, West Virginia, and had attained the rank of
Sergeant in the department.  JA at 2.  Deputy sheriffs in
Jefferson County, West Virginia, are protected by civil service
statutes regulating appointment, promotional, and termination
proceedings.  JA at 2.  Defendant Everett Boober was the elected
the Sheriff of Jefferson County, West Virginia, and was serving

at least from January 1, 2005, through to December 31, 2008.  JA
at 3.  Sheriff Boober was the sheriff who initiated termination
proceedings against the plaintiff in August, 2008.  JA at 224-
27.  However, no predisciplinary hearing was held, and defendant
Robert Shirley, defendant Boober's successor in office,
terminated the plaintiff from his position as a civil service
deputy sheriff on or about January 9, 2009.  JA at 60, 170-71.
No predisciplinary hearing was held prior to the termination of
the plaintiff.  Approximately nine days later, the plaintiff
received a hearing before the Jefferson County Deputy Sheriffs
Civil Service Commission.  JA at 53, <u>et seq</u>.  As a result of
that hearing, the plaintiff's termination from his position as a
deputy sheriff with the Jefferson County, West Virginia,
Sheriff's Department was upheld.

During the course of the termination proceedings under
defendant Boober, the defendant undertook certain investigative
steps and measures.  One of these measures was compelling the
plaintiff to undergo a polygraph examination.  JA at 75-76.
Additionally, prior to the administration of the polygraph
examination, defendant Boober did not advise the plaintiff of
any rights he had relating to his employment or declining the
polygraph examination.  JA at 7.  The full record shows that no
discovery was conducted in this action.

V.  SUMMARY OF ARGUMENTS.

The plaintiff Michael T. Dodson believes that the District Court erred in dismissing the action.  Plaintiff Dodson asserts that

1.  The complaint, taken as a whole, did make a claim upon which relief could have been granted and that the plaintiff was denied procedural due process by the denial of a predisciplinary hearing; and

2.  The dismissal of the action prior to the commencement of any discovery was improper.

VI.  ARGUMENT

The standard of review in this action for dismissal of the claims is de novo on the issues of law.

  A. THE DISTRICT COURT ERRED IN DISMISSING THE COMPLAINT WITH RESPECT TO THE PROCEDURAL DUE PROCESS CLAIM BECAUSE THE PLAINTIFF STATED A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

The District Court dismissed the procedural due process claim filed by the plaintiff Michael T. Dodson because the Court determined that the well-pleaded facts failed to state a claim upon which relief may be granted pursuant to Rule 12(b) and Rule 56 of the Federal Rules of Civil Procedure. Your plaintiff disagrees.

1.  Standard of Review.

The court must, when reviewing the facts set forth in a complaint, view the facts in a light most favorable to the plaintiff.  <u>Brockington v. Boykins</u>, 637 F.3d 503, 505 (4th Cir. 2011).  The standard of review is <u>de novo</u>.  <u>Id.</u>

With respect to summary judgment under Rule 56 of the Federal Rules of Civil Procedure, the court must view the record in a light most favorable to the non-moving party.  <u>Merchant v. Bauer</u>, 677 F3d. 656, 658 n.1 (4th Cir. 2012).  The standard of review is also  <u>de novo</u>, if the pleadings, discovery, disclosures and affidavits show that there is no genuine issue of material fact.  <u>Id</u>; and <u>Hawkspere Shipping Co. V. Intamex, SA</u>, 330 F. 3d 225, 232 (4th Cir. 2003).

2.  The Cause of Action.

A cause of action exists under Title 42 U.S.C. §1983, as relevant here least in part, when an action is taken under color of law and the result of that action is the deprivation of a federal constitutional right.  <u>Parratt v. Taylor</u>, 451 U.S. 527, 535 (1981).  Actions by public officials in there official position are under the color of law even if the action is unlawful.  <u>Monroe v. Pape</u>, 365 U.S. 167, 180 (1961).  Claims are enforceable under the due process clause of the Fifth and Fourteenth Amendments to the United States where there is a deprivation of life, liberty or property without the use of a fair procedure.  <u>Daniels v. Williams</u>, 474 U.S. 327, 331 (1986).

3.  Violations of Procedural Due Process.

The right to procedural due process under the United States Constitution is created and derived from rules or understandings which may be from sources outside the Constitution and its amendments, including state law.  Board of Regents v. Roth, 408 U.S. 564, 577 (1972).  Further, because the plaintiff Michael T. Dodson was a civil service deputy sheriff in Jefferson County, West Virginia, he maintained a property interest in his employment for the purposes of procedural due process pursuant to the Fifth and Fourteenth Amendments to the United States Constitution.  See, Cleveland Board of Education v. Loudermill, 470 U.S. 552 (1985), and Bishop v. Wood, 426 U.S. 341, 343-47 (1976).  The express provisions of W. Va. Code §7-14C-3, as well as the Fifth and Fourteenth Amendments to the United States Constitution, create that right to a predisciplinary hearing. In short, the plaintiff Michael T. Dodson, because of that constitutional property interest in his continued employment as a civil service protected deputy sheriff in Jefferson County, West Virginia, was entitled to a predisciplinary hearing based upon at least a notice and the opportunity for a hearing appropriate to the nature of the case.

No predisciplinary hearing was ever held prior to the convening of a civil service hearing by the Jefferson County Deputy Sheriffs Civil Service Commission.  Indeed, the plaintiff

was required to institute litigation to obtain the
predisciplinary hearing.  See, Dodson v. Shirley, ___ W. Va.
___, No. 35699 (Memorandum Decision September 23, 2011).  It is
clear that the plaintiff was entitled to that predisciplinary
hearing under federal constitutional law and the underlying
state law grafted into the federal constitutional decisional law
by Roth, supra.

What sort of predisciplinary hearing is required under the
Constitution?  The Court in Matthews v. Eldridge, 424 U.S. 319
(1976), gives us an idea of the nature of the required hearing.
In developing these Eldridge factors, the Court described a
shifting target for hearings involved in cases of the denial of
a right:

1.  The nature of the person's right affected and the
degree of potential deprivation to be suffered; and

2.  The risk of erroneous deprivation to be imposed, the
fairness of the safeguards and the probable value of additional
safeguards; and

3.  The government interest in resisting these safeguards.
Id. at 334-35.  These factors, when coupled by the West Virginia
"source" provision, W. Va. Code §7-14-3, clearly show the
plaintiff's entitlement to a predisciplinary hearing and the
nature of the hearing required.  Additionally, the Eldridge
factors, when coupled with the source state law, confirm a

shifting type of hearing more than merely the general kind of hearing required by the Court in Loudermill.

When considering those factors in this case, the apparent goal of the actions of defendants was the termination of the plaintiff from his public employment. Under the first factor, therefore, there must be a more severe hearing than the mere some sort of hearing required by Loudermill.

The risk of erroneous deprivation was likewise high. There were no safeguards because there was in fact no predisciplinary hearing. Even if the broad form of hearing identified in Loudermill is the one type required, the defendants failed to meet the standard because there was no predisciplinary hearing at all. Thus, there were no safeguards available in the process used by the defendants as required by the Eldridge factors.

The defendants did not have any interest in resisting the safeguards which were required be in effect under the Eldridge factors. Indeed, the defendants did not even satisfy or attempt to satisfy the minimal hearing required by Loudermill.

Again, assuming for the sake of argument that the minimal predisciplinary hearing required by Loudermill is the sole predisciplinary hearing required, the purpose of the predisciplinary hearing exists to see whether the facts as alleged are correct, to make sure there is an opportunity for fair rebuttal of the alleged facts, to permit the opportunity to

correct any inaccuracies or mistakes, or even to seek a reduction of discipline sought.[**]  This act of a denial of the prediscipIinary hearing was a substantial denial of due process. Even the United States Supreme Court in Loudermill calculated that a further, more formal, and probing discharge hearing was a later step only after the conduct of a prediscipIinary hearing if the issues could not be resolved.  Above all, regardless of any subsequent outcome, plaintiff Michael T. Dodson had a right to a hearing before the plaintiff was fired.  See, Loudermill, 470 U.S. at 542.

The defendants' arguments and the District Court's determination that the Loudermill test was satisfied by the later formal hearing flies in the face of the instructions of the United States Supreme Court.  A later, formal hearing cannot substitute for the denial of a compulsory prediscipIinary hearing under Loudermill since the denial of due process is the denial of the prediscipIinary hearing.

The defendant Everett Boober had the plaintiff Michael T. Dodson in a position for a prediscipIinary hearing.  A

---

[**]One of the purposes of a prediscipIinary hearing is to preserve the possibility for the consideration of a resolution of proceedings prior to the commencement of a formal hearing, including, perhaps, a lesser degree of discipline than initially intended.  In this case, no prediscipIinary hearing was provided, so the outcome of such a discussion would be speculative at best.  However, the lack of the opportunity for

predisciplinary hearing was scheduled and a predisciplinary hearing panel was nominated.  JA at 9-11.  However, defendant Everett Boober derailed his own efforts when he, without authority, suspended proceedings and unilaterally released a member of the predisciplinary hearing panel without apparent authority.  JA at 9-10.  Further, the plaintiff was preparing for the predisciplinary hearing as evidenced by judicial proceedings relating to the preclusion of the results of a polygraph examination in the predisciplinary hearing.  JA at 546.  Next, defendant Robert Shirley acted to undue any predisciplinary hearing when he, in the plaintiff's mind, arbitrarily and capriciously discharged the plaintiff from the Jefferson County Sheriff's Department unilaterally and without required the predisciplinary hearing.

Additionally, defendant Everett Boober undertook an inquisition of the plaintiff Michael T. Dodson without informing the plaintiff of certain rights under the decisions of the United States Supreme Court in Garrity v. New Jersey, 385 U.S. 493 (1967), and Gardner v. Brodick, 392 U.S. 273 (1968).  The plaintiff was ordered by the defendant Everett Boober to submit to a polygraph examination and questioning in a manner which can only be considered a compelled examination.  Indeed, the chief

such a discussion is a basis for action regardless of the outcome of the later formal hearing.

inquisitor stated under oath at a later hearing that had the plaintiff not submitted to a polygraph examination the plaintiff would have been terminated from his employment.  JA at 75-76. While the defendants may question this claim, it certainly is at minimum controverted issue of fact contained in the defendants' own submissions as a question for the jury to consider in light of all the evidence.

4.  Action Against Defendant John Griffith.

Plaintiff commenced an action against defendant John Griffith.  Griffith was the polygraph examiner who performed a polygraph examination on the plaintiff Michael T. Dodson upon the instruction of defendant Everett Boober.  JA at 149.  While defendant Griffith is a private citizen, the complaint alleges that the defendant was working in conjunction with defendant Everett Boober.  JA at 9.  The logical conclusion is that defendant Griffith was acting as an agent for the defendant Boober and, in effect, the other defendants. While the issue was not addressed in the District Court's decision, the decisional law under Title 42 U.S.C. §1983 generally declares that where a private person acts as a willful participant in conduct at. the request of a public officer, that person is liable under Title 42 U.S.C. §1983.  Or, put differently, the question is this: Is there a sufficient nexus between the government and the actor so that the challenged action may fairly be considered the act of

the government?  If so, there is private liability under Title
42 U.S.C. §1983.  <u>Jackson v. Metropolitan Edison Co.</u>, 410 U.S.
315 (1974).

In this case, on the face of the complaint, such a question
may be answered in the affirmative.  Further, even considering
the submissions of the defendants shows that, while defendant
Griffith may assert a consensual polygraph examination, see JA
at 32, the testimony of the defendants' chief inquisitor at a
civil service hearing shows that the plaintiff was compelled to
take a polygraph examination under threat of termination.  JA at
9.  Indeed, the plaintiff maintains that he was compelled to
give information under threat of arrest.

Therefore, your plaintiff Michael T. Dodson asserts that
the District Court erred in determining that the complaint ought
to be dismissed for failure to state a claim under Rule 12(b) of
the Federal Rules of Civil Procedure and on summary judgment
pursuant to Rule 56 of the Federal Rules of Civil Procedure.

 B. THE DISTRICT COURT ERRED IN GRANTING SUMMARY
   JUDGMENT PURSUANT TO RULE 56 OF THE FEDERAL
   RULES OF CIVIL PROCEDURE WHERE THE PARTIES
   HAD NOT YET COMMENCED DISCOVERY.

 1. Standard of Review

With respect to summary judgment under Rule 56 of the
Federal Rules of Civil Procedure, the court must view the record
in a light most favorable to the non-moving party.  <u>Merchant v.</u>

Bauer, 677 F3d. 656, 658 n.1 (4ᵗʰ Cir. 2012).  The standard of
review is also  de novo, if the pleadings, discovery,
disclosures and affidavits show that there is no genuine issue
of material fact.  Id; see also, Hawkspere Shipping Co. V.
Intamex, SA, 330 F. 3d 225, 232 (4ᵗʰ Cir. 2003).

    2.  Summary Judgment Was Premature

The case was decided in part pursuant to Rule 56 of the
Federal Rules of Civil Procedure without the plaintiff Michael
T. Dodson's having the advantage of taking even one deposition
or seeking a response to one interrogatory.  No discovery
occurred in this case at all, and the responses opposing the
dismissal of the action indicate not only that discovery was
necessary but the areas in which discovery may lead to the
discovery of admissible evidence which would support the
plaintiff's claims.

The United States Supreme Court declared that,

> "Summary judgment [must] be refused where
> the nonmoving party has not had the
> opportunity to discover information which is
> essential to his opposition."

Anderson v. Liberty Lobby, 477 U.S. 242, 250 n. 5 (1986).
Shortly thereafter, the United States Supreme Court further
declared that summary judgment is appropriate only after an
adequate time for discovery has been provided.  Celotex Corp. V.
Catrett, 477 U.S. 317, 322 (1986).  See also, Phillips v.

General Motors Corp., 911 F.2d 724, 725 (4th Cir. 1990).

Additionally, in Harrods, Ltd. v. Sixty Internet Domain Names,

302 F.3d 214 (4th Cir. 2006), this Court said that when the

nonmoving party, through no fault of his own, has had little or

no opportunity for discovery and fact intensive investigation,

no affidavit is required under Rule 56(f) of the Federal Rules

of Civil Procedure to contravene a motion for summary judgment.

The thrust of summary judgment is that there exists no

legitimate question of material fact.  The duty is on the court

determining summary judgment that no legitimate question of

material fact existed before granting judgment, as well as

allowing the nonmoving party an adequate chance to meet any

challenges.  The District Court failed in both arenas.

The defendants' own submissions show that there were

controverted facts in the case.  Defendants Griffith and the

others submitted documents claiming that the polygraph

examination given the plaintiff Michael T. Dodson was voluntary

and also documents indicating that the plaintiff was required to

take the polygraph examination under threat of termination.  JA

at 9.  Such information clearly shows a genuine issue of

material fact sufficient to preclude summary judgment much less

dismissal.

The plaintiff could have obtained discovery in several

arenas.  The methodology of the polygraph examiner, as well as

his relationship with defendant Everett Boober, could have been explored, together with the examiner's compliance with the law in the administration of the examination.  The plaintiff could have acquired information which would have impacted upon the alleged voluntariness of the polygraph examination by defendant John Griffith in light of the <u>Garrity</u> and <u>Gardner</u> decisions, <u>above</u>.[***]  Additionally, the plaintiff never waived his right to a predisciplinary hearing, was unable to have counsel present during an interrogation during the investigation, and the failure of the defendant civil service commissioners to adequately provide him due process and procedural due process protections consistent with the requirements of the Fifth and Fourteenth Amendments to the United States Constitution in the context of (at least) their protective and investigative functions.  Additionally, investigation into the state of mind and intention of the parties with respect to their actions, including the discharge of a deputy sheriff from the predisciplinary hearing panel, all merited discovery inquiry. However, that inquiry was denied.

PRAYER FOR RELIEF

---

[***]Even the defendants' submissions show controverted facts as set forth above.  The plaintiff's chief inquisitor stated under oath that the plaintiff was compelled to take a polygraph examination, while defendant Griffith states that the examination was voluntary.  This alone creates a significant

WHEREFORE, your plaintiff Michael T. Dodson asks that this Court reverse the decision of the United States District Court for the Northern District of West Virginia and remand this case for purposes of discovery and ultimately trial.


Respectfully submitted,


Robert W. Schulenberg, III
Counsel for the Appellate

---

issue of controverted and material fact precluding the entry of summary judgment.

## CERTIFICATE OF COMPLIANCE
### Docket No.: 14-1371 / *Michael Dodson v. Everett Boober, et al.*

1.   This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e) because this brief contains less then 14,000 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.   This brief complies with the typeface requirements of Fed R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using WordPerfect X6 in 12-point font used with proportional typeface Courier New.


Robert W. Schulenberg, Esquire
Attorney for Appellant

**CERTIFICATE OF FILING AND SERVICE OF BRIEF**

I certify that I filed the foregoing APPELLANT'S BRIEF on June 23, 2014, filing through the ECF system and depositing in the United States Mail the required number of paper copies, postage paid, to:

Clerk of the United States
Court of Appeals for the Fourth Circuit
1100 East Main Street
Richmond, VA 23219


I further certify that I served the foregoing APPELLANT'S BRIEF on June 20, 2014, sending copies of the brief via ECF filing upon:

Bridget M. Cohee, Esquire / Counsel for Appellees
and James T. Kratovil, Esquire / Counsel for Appellee John Griffith


Robert W. Schulenberg, III, Esquire
Attorney for Appellant